## No. 242

### DYER CO. v. MERGENS
Ohio Court of Appeals, Cuyahoga County
No. 4220.  Feb. 19, 1923

This opinion has not been published except in Abstract.

**ERROR—(1) Verdict not manifestly against the weight of the evidence and will not be disturbed.**

PER CURIAM:
Epitomized Opinion
Error to Municipal Court of Cleveland

Mergens recovered $300 from the Dyer Co. in the lower court and a motion for a new trial being overruled, error is prosecuted to this court to reverse said judgment.

Held by Court of Appeals in affirming judgment of Municipal Court:

1. When the only question involved in a case is the weight of the evidence, unless the judgment is manifestly against the weight of the evidence, it will not be revrsed.

Attorneys—Thompson, Hine & Flory, for Dyer Co.; M. Y. Yost, for Mergens.

## No. 243

### NUNN v. HUTCHISON, Sheriff
Ohio Court of Appeals, Summit County
No. 737.  Dec. 19, 1922

This opinion has not been published except in Abstract

**LEASE—RIGHTS OF LESSEE—(1) Party in possession of property must be made party defendant in foreclosure proceedings—(2) Action to restrain sheriff from seizing property does not determine rights of lessee to property—(3) Writ of possession can be used only against parties to foreclosure suit—(4) If an attempt is made to disturb his possession, stranger to suit may enjoin sheriff from taking action.**

WASHBURN, P. J.:
Epitomized Opinion
Appeal from Court of Common Pleas

The owner of certain property on which there were two mortgages made default, but before any suit to foreclose was brought by the mortgagee, the owner leased and delivered possession of the property to Nunn. The mortgagee instituted proceedings to foreclose, but did not make Nunn a defendant, taking no notice of Nunn's rights. Nunn seeks to enjoin the sheriff from distributing his possession of the property, by means of the writ of possession. Held by the Court of Appeals in granting the injunction:

1. The party in possession of property must be made a party defendant to a foreclosure suit in order to give said party his day in court.

2. An action brought by a person in possession of property to enjoin the sheriff from interference with such possession, does not necessarily determine said party's rights in the property.

3. A writ of possession can be used only against the parties to the foreclosure suit, and cannot be used to disturb the possession of a stranger to such suit. The writ should be executed only when the right is clear, for it cannot be used to litigate conflicting rights not already adjudicated.

4. If an attempt or threat to execute a writ of possession is made, a stranger to the foreclosure suit may obtain an injunction restraining the sheriff from taking action.

Attorneys—Arter Fleming, for Nunn; Mottinger & Evan, for Hutchison.

## No. 244

### CLEVELAND RY. CO. v. FANNIE ROSE
Ohio Court of Appeals, Cuyahoga County
No. 4198.  February 19, 1923

This opinion has not been published except in Abstract.

**EVIDENCE—While conflicting, verdict manifestly against weight of.**

PER CURIAM:
Epitomized Opinion
Error to Cuyahoga Court of Common Pleas

In the court below, the plaintiff recovered $3,000 damages for what the railroad company admits to be a liability case.

Plaintiff in error prosecutes error to this court for the purpose of reversing this judgment on the sole ground that it is not supported by sufficient evidence. We have gone through the record, heard the arguments of counsel, and there was evidence on the part of both plaintiff and the defendant, but the matter was tried to a jury and they saw the witnesses on behalf of the plaintiff and the defendant, and we cannot unanimously say that the verdict is so manifestly against the weight of the evidence, that it would warrant a reversal of the case. The judgment will, therefore, be affirmed.

Attorneys—Squire, Sanders & Dempsey, for Railway; Payer, Winch, Minshall & Karch, for Rose.

## No. 245

### CLEVELAND RY. CO. v. WIESENBERGER
Ohio Court of Appeals, Cuyahoga County
No. 4205.  February 19, 1923

This opinion has not been published except in Abstract.

**CRIMINAL LAW—Assault and battery—Charges to jury—Non-prejudicial error.**
(Cushing, Buchwalter and Hamilton, Judges
First Dist., Sitting)

PER CURIAM:
Epitomized Opinion
Error to Cuyahoga Common Pleas

This action was for damages for assault and battery. Verdict and judgment for plaintiff. Two ground of error are assigned:

First—The refusal of the court to give the charge requested by defendant at the close of the general charge.

Second—That the verdict as manifestly against the weight of evidence.

The Court of Appeals held: That portion of the charge "but the defendant was bound to refuse him transportation on the particular car" was too broad and was not justified by the resolution of council which was offered in evidence, and which was directory as to limiting the stops of interburban cars within the city limits, but did not prohibit taking on passengers when stopped. The charge was properly refused.

An examination of the record does not show that the verdict was manifestly against the weight of the evidence and finding no error prejudicial to the plaintiff in error, the judgment of the Common Pleas will be affirmed.

Attorneys—Squire, Sanders & Dempsey, for railway; Jacob DeKaiser, for defendant.